## MILLER v. BENSINGER.

### No. 14,174; December 9, 1892.

#### 31 Pac. 578.

**Ejectment—Adverse Possession—Evidence.—In Ejectment for a Strip** of land a few inches in width between adjoining lots, where it appeared that defendant had been for about twenty-five years in possession of the strip, which was by a survey included in his deed, when another survey was made, showing the strip to belong to plaintiff's lot, defendant's testimony that his occupancy was under a claim of right to hold the same adversely to plaintiff and the whole world is sufficient to support a finding for defendant as by prescription, though it also appeared that after the latter survey defendant offered to surrender the strip if plaintiff would pay the expense of moving the house which extended onto it.

APPEAL from Superior Court, City and County of San Francisco; T. H. Rearden, Judge.

Ejectment by Sarah Miller against Daniel Bensinger. Defendant had judgment, and plaintiff appeals. Affirmed.

Scrivner & Schell for appellant; M. Cooney for respondent.

FOOTE, C.—This is an action in ejectment for the recovery of a strip of land less than two feet in width, extending along the side of a lot occupied by the defendant. Judgment was given for the latter, from which and an order denying a new trial the plaintiff appeals.

It appears that the parties bought adjoining lots, under a certain survey. That about twenty-five years after the defendant took possession under his deed, occupied, fenced, and built upon what he supposed to be his lot of land, and which included that in controversy here, it appeared under a new survey for the city and county of San Francisco, where the land is situated, that he had in possession a lot of land wider by not quite two feet than his deed called for; and that the lot in possession of the plaintiff was thirty feet wide, less the same number of inches. Hence the plaintiff claimed that the defendant was by mistake in possession of a part of her lot, and sued for it.

The only question at issue, as we think, is whether the evidence supports the findings of fact in reference to the defense of the statute of limitations under sections 318 and 319

of the Code of Civil Procedure, set up by defendant. There is no dispute that all the necessary ingredients of this defense exist, save that the appellant contends that the occupation of the defendant is not shown by the evidence to have been taken and held with the intention to do so adversely to the plaintiff and all the world. The plaintiff strenuously argues that the defendant only intended to occupy the number of feet in width of land that his deed called for, and that, when the survey showed that he had in possession more than this quantity, then he acknowledged that the land in controversy belonged to the plaintiff, by offering to give possession of it to her if she would pay for the removal of his house, which stood upon it. We do not think that the offer of defendant amounted to anything more than an exhibition of a willingness to buy his peace and avoid a lawsuit: Furlong v. Cooney, 72 Cal. 329, 14 Pac. 15. He was asked, among others, these questions, and made answers thereto as follows: ''Question. Now, what was the nature of your occupation there? Was it in your own right? The Court: That is admitted. Mr. Scrivner: Yes. Q. In other words, you were holding adverse to all the world? The Court: In his own right, he was holding. Whatever possession he had was in his own right. Mr. Cooney: Adverse to the world, to everybody? Answer. Yes, sir. Mr. Scrivner: Adverse in one sense. Mr. Cooney: He claimed it. Mr. Scrivner: I don't admit that he claimed it. The Court: Whatever possession he had there was held for himself. Mr. Scrivner: Yes. Mr. Cooney: Adversely to everybody? A. Yes (by witness). Mr. Scrivner: Well, it is before the judge.'' It will be seen that the defendant himself said that he claimed adversely to the whole world, which showed an intention to hold adversely to the plaintiff. In the face of this statement, which the defendant nowhere else varies from on this point, we see no error on the part of the court below in believing and finding that the defendant held the land intentionally adversely to plaintiff and the whole world. The findings are supported by the evidence, and the judgment and order should be affirmed, and we so advise.

I concur: Vanclief, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.